UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY DESVARIEUX, Individually and
On Behalf of All Others Similarly Situated,

No. 1:17-cv-04756

Plaintiff,

v.

AXIOM HOLDINGS, INC. and CURTIS
RILEY,

Defendants.



USDC SDN
DOCUM
ELECT
D
9/12/17

## JOINT STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING CO-LEAD COUNSEL

WHEREAS, on August 21, 2017, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA", 15 U.S.C., § 78u-4(a)(3)(B), four movants moved the Court to serve as lead plaintiff(s) in the above-captioned action: Matthew Tangeman (ECF No. 7)[1]; Richard E. Beuhler, Randy Edwards, and Joel Friedman (the "Beuhler Group") (ECF No. 9); Kerry and Brenda Johnston (the "Johnstons") (ECF No. 12); and Phillip H. Rhodes Jr. and Shem Properties Inc. (the "Rhodes and Shem") (ECF No. 15).

WHEREAS, on August 23, 2017, Matthew Tengeman withdrew his motion for appointment as lead plaintiff. *See* ECF No. 18.

WHEREAS, on September 1, 2017, the Beuhler Group withdrew their motion for appointment as lead plaintiffs. *See* ECF No. 20.

WHEREAS, the two remaining movants, the Johnstons and Rhodes and Shem, have conferred through their counsel concerning the appointment of Lead Plaintiff and Lead Counsel

---

[1] Reference to "ECF" docket entries are to those made in the above-captioned action.

and agreed that the Johnstons and Rhodes and Shem should be appointed Co-Lead Plaintiffs, subject to the Court's approval. Among other things, the Johnstons and Rhodes and Shem considered that: 1) the Johnstons are a married couple who have suffered collective first in, first-out ("FIFO") losses of $198,744.22, and last in, first out ("LIFO") losses of $198,737.38; 2) Rhodes and Shem have suffered collective FIFO losses of $257,392 and LIFO losses of $190,757; 3) the Johnstons collectively purchased and retained 136,900 shares; 4) Rhodes and Shem collectively purchased and retained 266,194 shares; 5) the Johnstons expended $292,760 on purchases; and 6) Rhodes and Shem expended $435,556 on purchases.

WHEREAS, rather than spending time and resources litigating who has the "largest financial interest" in this case, the Johnstons and Rhodes and Shem believe it to be in the best interest of the Class to focus their efforts and resources on achieving the best recovery for the Class and to work together to maximize any recovery.

## STIPULATED

WHEREFORE, the Johnstons and Rhodes and Shem hereby stipulate that the Court enter an order as follows:

1.      Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Johnstons and Rhodes and Shem are hereby appointed as Lead Plaintiffs.

2.      Lead Plaintiffs' selection of counsel is approved and, accordingly, the law firms of Block & Leviton LLP and Pomerantz LLP are approved as Co-Lead Counsel for Lead Plaintiffs.

3.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out personally or through counsel whom Co-Lead Counsel shall designate:

a.   to coordinate the briefing and argument of motions;

    b.  to coordinate the conduct of discovery proceedings;

    c.  to coordinate the examination of witnesses in depositions;

    d.  to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    e.  to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f.  to coordinate all settlement negotiations with counsel for Defendants;

    g.  to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    h.  to supervise any other matters concerning the prosecution, resolution, or settlement of this action.

4.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5.      Counsel in any related action that is consolidated with this Action shall be bound by this organization of Plaintiffs' counsel.

6.      Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7.      Co-Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, shall serve as the spokespersons for plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel.  Co-Lead Counsel and Liaison Counsel together shall act as the liaison between the Court and plaintiff and his counsel.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control,

including computer-generated and stored information, and materials such as data and electronic

mail, containing information which is relevant or which may lead to the discovery of information

relevant to the subject matter of the pending litigation.

Dated:  September 5, 2017

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8655
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Applicants Phillip H.
Rhodes Jr. and Shem Properties Inc. and Proposed
Counsel for the Class*

**BLOCK & LEVITON LLP**
Jeffrey C. Block
(*pro hac vice* application forthcoming)
Bradley J. Vettraino
(*pro hac vice* application forthcoming)
155 Federal Street, Suite 400
Boston, MA 02110
Tel: 617-398-5600
Fax: 617-507-6020
Jeff@blockesq.com
Bradley@blockesq.com

*Counsel for Lead Plaintiff Applicants Kerry and
Brenda Johnston and Proposed Counsel for the
Class*

SO ORDERED:

_____
U.S.D.J.

September 12, 2017