**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ASHLEY DESVARIEUX, Individually and On Behalf of
All Others Similarly Situated,

Plaintiff,

v.

AXIOM HOLDINGS, INC. and CURTIS RILEY,

Defendants.

---

No. 1:17-cv-04756

**ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IN
ADVANCE OF ENTRY OF DEFAULT JUDGMENT**

The Court having reviewed Plaintiff's Motion for Class Certification in Advance of Entry

of Default Judgment and all supporting and opposing papers thereon, and finding that:

(a)     Pursuant to Federal Rule of Civil Procedure 23(a)(1), the proposed Judgment Class

(defined herein) is sufficiently numerous in that joinder of all Class members impracticable;

(b)     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there exist common questions

of law and fact as to all Judgment Class members, including, *inter alia*,  (i) whether the federal

securities laws were violated by Defendants' misrepresentations and omissions, as alleged in the

Complaint; (ii) whether statements and/or omissions made by Defendants to the investing public

during the Class Period misrepresented and/or omitted material facts about the business, operations

and management of Axiom Holdings, Inc. ("Axiom'); (iii) whether Defendant Riley caused Axiom

to issue false and misleading financial statements during the Class Period; (iv) whether Defendants

acted knowingly or recklessly in issuing false and misleading financial statements; (v) whether the

prices of Axiom Securities during the Class Period (as defined in Plaintiff's Motion) were

artificially inflated because of Defendants' conduct complained of herein; and (vi) whether the

{00262385;2 }                                  1

members of the Judgment Class have sustained damages and, if so, what is the proper measure of damages;

(c)     Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims and defenses of the proposed Class Representatives are typical of the claims and defenses of all Judgment Class members in that the proposed Class Representatives purchased Axiom securities at artificially inflated prices during the Class Period, the materially false and misleading statements, and omitted statements, were made uniformly to all proposed Judgment Class members, causing them all harm in the same manner;

(d)     Pursuant to Federal Rule of Civil Procedure 23(a)(4), the proposed Class Representatives have demonstrated that each will fairly and adequately protect the interests of the proposed Judgment Class. Additionally, proposed Class Counsel, Block & Leviton LLP and Pomerantz LLP have demonstrated that they are experienced in litigating class actions of this nature and will adequately represent the interests of the proposed Judgment Class;

(e)     Pursuant to Federal Rule of Civil Procedure 23(b)(3), questions of law and fact common to the proposed Judgment Class predominate over individual issues;

(f)     The proposed Judgment Class is entitled to a presumption of the element of reliance as to their claim under Section 10(b) of the Securities Exchange Act of 1934 pursuant to the standard set forth in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972).

(g)     A class action is superior to all other available methods for the fair and efficient resolution of the claims of the proposed Judgment Class, given that all members of the proposed Judgment Class were harmed in the same way, by the same Defendants, and litigating each of their cases individually would result in waste, delay, and the inefficient expenditure of judicial resources.

Good cause having therefore been shown, **IT IS HEREBY ORDERED** that:

1.      The above-styled action is hereby certified as a class action as to all claims and

defenses at issue in the Class Action Complaint under Federal Rule of Civil Procedure 23(b)(3);

2.      The Judgment Class is defined as follows:

All those who purchased or otherwise acquired Axiom Holdings, Inc. securities
during the period from October 14, 2016 to June 19, 2017, both dates inclusive.
Excluded from the Judgment Class is anyone named as a defendant, the officers
and directors of Axiom Holdings, Inc., who held such positions at any relevant time,
members of their immediate families and their legal representatives, heirs,
successors, or assigns, and any entity in which defendants have or had a controlling
interest.

3.      Lead Plaintiffs Phillip H. Rhodes Jr. and Shem Properties, Inc. are appointed as

representatives of the Judgment Class.

4.      Pomerantz LLP is appointed as Class Counsel.

5.      The Class Representatives shall move for an entry of default judgment against

Defendant Axiom in a manner consistent with the provisions of the Accompanying Order
Authorizing Default Judgment Motion within fourteen (14) days of the date of this Order.

6.      The Class Representatives shall submit their proposal for notice to the Judgment

Class within twenty-one (21) days of the date of this Order.   Docket Entry # 54 Resolved.

**IT IS SO ORDERED.**

This 6th day of July, 2020

/s/ Laura Taylor Swain

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

{00262385;2 }                                   3