UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ASHLEY DESVARIEUX, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>AXIOM HOLDINGS, INC. and CURTIS RILEY,<br><br>Defendants. | Case No. 17 Civ. 4756 (JPC) (GWG) |
|---|---|

**[PROPOSED] ORDER APPROVING ESTABLISHING PROGRAM AND SCHEDULE FOR CLASS NOTICE**

WHEREAS, by an Order dated July 6, 2020 (ECF No. 66), the Court certified the following class in this action (the "Judgment Class"):

> All those who purchased or otherwise acquired Axiom Holdings, Inc. securities during the period from October 14, 2016 to June 19, 2017, both dates inclusive. Excluded from the Judgment Class is anyone named as a defendant, the officers and directors of Axiom Holdings, Inc., who held such positions at any relevant time, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which defendants have or had a controlling interest;

WHEREAS, by an Order dated July 7, 2020 (ECF No. 67), the Court authorized the Plaintiffs to file a motion for default judgment against Axiom;

WHEREAS, on January 15, 2021, on Plaintiffs' application (ECF Nos. 74–77), the Clerk of the Court issued a Certificate of Default against Defendant Axiom Holdings, Inc. ("Axiom") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (ECF No. 78);

WHEREAS, on January 21, 2021, Plaintiffs filed a motion for default judgment against Axiom pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (ECF Nos. 79–83);

WHEREAS, by an Order dated January 22, 2021 (ECF No. 84), the Court held a show-cause hearing on Plaintiffs' motion for default judgment on February 23, 2021, at which Axiom did not appear, and during which the Court ordered Plaintiffs to submit a letter by March 9, 2021 addressing why a default should be entered against Axiom in light of the pending claims against Defendant Curtis Riley ("Riley");

WHEREAS, on March 9, 2021, Plaintiffs filed a letter with the Court in which they represented that they intend to dismiss the claims against Riley and requested that the Court proceed with a default judgment as to Axiom on both liability and damages or, in the alternative, that the Court enter default judgment on Axiom's liability alone (ECF No. 90);

WHEREAS, by an Order dated March 11, 2021 (ECF No. 91), the Court granted Plaintiffs' motion for default judgment on the issue of liability, and reserved decision on the issue of damages until after the Judgment Class has been notified of: (i) the proposed dismissal of the claims as against Riley, (ii) the class certification in this action, and (iii) the Court's ruling on Axiom's liability (*Id.*);

WHEREAS, by an Order dated March 11, 2021 (ECF No. 91), the Court ordered Plaintiffs to submit a proposed notice and proposal for providing notice to the Judgment Class within 45 days of the date of the Order;

WHEREAS, on April 26, 2021, Plaintiffs filed an Response to the Court's March 11, 2021 Order (the "Response"); and

WHEREAS, the Court has considered Plaintiffs' proposed program and schedule for providing notice to the Judgment Class and finds that the Plaintiffs' proposed notice program and proposal for providing notice to the Judgment Class fair, reasonable, and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 5 day of May, 2021, that:

1. The Court approves the form, substance, and requirements of (a) the Notice of (I) Pendency and Certification of Class Action; (II) Entry of Default Judgment Against Axiom Holdings, Inc. on the Issue of Liability; and (III) Proposed Voluntary Dismissal of Claims against Defendant Curtis Riley, attached to Plaintiffs' Response as Exhibit B (the "Long Notice"), (b) the Summary Notice of (I) Pendency and Certification of Class Action; (II) Entry of Default Judgment Against Axiom Holdings, Inc. on the Issue of Liability; and (III) Proposed Voluntary Dismissal of Claims against Defendant Curtis Riley, attached to Plaintiffs' Response as Exhibit C (the "Summary Notice"), and (c) the Postcard Notice of (I) Pendency and Certification of Class Action; (II) Entry of Default Judgment Against Axiom Holdings, Inc. on the Issue of Liability; and (III) Proposed Voluntary Dismissal of Claims against Defendant Curtis Riley, attached to Plaintiffs' Response as Exhibit D (the "Postcard Notice").

2. Strategic Claims Services ("SCS") is appointed and approved as the Notice Administrator to supervise and administer the notice procedure as well as the processing of exclusions. Pomerantz LLP ("Class Counsel") may employ SCS as notice administrator (the "Notice Administrator"), to assist in the providing of class notice.

3. Within ninety (90) calendar days of entry of this Order, Class Counsel, through the Notice Administrator, shall, either: (a) email the Summary Notice to Judgment Class Members for whom the Notice Administrator is able to obtain email addresses from brokers and/or nominees, substantially in the form annexed to the Response as Exhibit C, or (b) cause the Postcard Notice,

substantially in the form annexed to the Response as Exhibit D, if no electronic mail address is obtained from brokers and/or nominees , mailed, by first class mail, postage prepaid, to Judgment Class Members who can be identified with reasonable effort by Class Counsel, through the Notice Administrator, from information provided by brokers and nominees.

4. Class Counsel, through the Notice Administrator, shall make reasonable efforts to give notice to nominees or custodians who purchased Axiom securities during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice, either: (i) provide the Notice Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners; (ii) request an electronic copy of the Summary Notice or the Postcard Notice and email the Summary Notice or the Postcard Notice in an electronic format to each such beneficial owner; or (iii) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners. If the Notice Administrator receives an email address of such beneficial owner, it will send a Summary Notice electronically. As agent for beneficial owners, any nominee or custodian who fails timely to comply with this Order must provide the Notice Administrator with an excuse for its neglect, in writing. Failure timely to comply and to provide an excuse for its failure to comply with this Order may cause the Court to deny any request to extend deadlines for exclusion for a nominee's or custodian's beneficial owners. In turn, the nominee's or custodian's failure may disable its beneficial owners from excluding themselves from the Class. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Notice Administrator confirming that the emailing and/or mailing has been made as directed. Additional

copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Notice Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement, up to a maximum of $0.04 plus postage at the pre-sort postage rate used by the Notice Administrator per Postcard Notice actually mailed; $0.03 per Summary or Postcard Notice emailed; or $0.04 per name, address, and email address provided to the Notice Administrator.

5. Class Counsel, through the Notice Administrator, shall cause the March 11 Order, this Order, and a copy of the Long Notice to be posted on the Notice Administrator's website within twenty-one (21) calendar days after entry of this Order.

6. Class Counsel, through the Notice Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within twenty-one (21) calendar days after the entry of this Order.

7. The forms and methods proposed in the Response and set forth herein of notifying the Judgment Class Members of the certification of the Judgment Class, the entry of the default judgment as to Axiom's liability, and the proposed dismissal of claims against Defendant Riley, meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. 77z-1(a)(7); constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Judgment Class Member will be relieved from their status as a Judgment Class Member or the proposed voluntary dismissal of Defendant Riley, based upon the contention or proof that such Judgment Class Member failed to receive actual or adequate notice.

8. Should a member of the Judgment Class wish to exclude himself, herself, or itself from the Judgment Class, each such person or entity must postmark a request for exclusion no later than 180 calendar days after the entry of this Order to the Notice Administrator at the address in the Long Notice. Each request for exclusion must include the Class member's name, address, telephone number, and signature, as well as the total number of Axiom securities purchased or acquired and the date or dates of each such purchase or acquisition. The Notice Administrator shall notify Class Counsel promptly of any and all requests for exclusion the Notice Administrator receives, including, for each such request for exclusion, the name and address of such person or entity, and the number of shares purchased or acquired by such person or entity during the Class Period. The Notice Administrator will transmit this information to Class Counsel on a regular basis, and in any event no later than five (5) calendar days after the deadline for exclusion. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. The Judgment Class will not include any Person who delivers a valid and timely request for exclusion. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments in the event any recovery is obtained in the Action.

9. The Court hereby preliminarily approves the voluntary dismissal of claims against Defendant Curtis Riley without prejudice, subject to further consideration at a hearing ("Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on November 16 2021 at 10:00 a.m. The Court reserves the right to adjourn the Hearing to a later date and to approve the dismissal of claims against Riley without modification, or with such modifications as may be directed by the Court or proposed by Plaintiffs, and with or without further notice of any kind. The Court may decide to hold the

Hearing telephonically or by other virtual means without further notice.

10. The Court will consider comments and/or objections to the proposed voluntary dismissal of Defendant Riley, provided, however, that no Judgment Class Member or other Person shall be heard or entitled to contest the approval of the proposed dismissal of claims against Defendant Riley, unless:

(A) that Person has served copies of any objections, papers, and briefs to Plaintiffs' counsel no later than 180 calendar days after entry of this Order, at:

Jeremy A. Lieberman, Esq.
Murielle J. Steven Walsh, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016

and, (B) that Person has, no later than 180 calendar days after entry of this Order, filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. To be valid, any such objection must contain the Judgment Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of Axiom securities during the Class Period in order to show membership in the Judgment Class, (3) all grounds for the objection, including any legal support known to the Judgment Class Member and/or his, her, or its counsel, (4) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times the Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at

the Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the proposed voluntary dismissal of claims against Defendant Riley without prejudice are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Hearing. Class Members do not need to appear at the Hearing or take any other action to indicate their approval.

11. Any Judgment Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

12. Class Counsel shall provide Defendant Riley with copies of any exclusions or objections within seven (7) days of receipt of such exclusion or objection by Class Counsel.

13. Class Counsel shall file with the Court a letter providing a status report regarding notice and any exclusions or objections at least seven (7) days prior to the Hearing.

*It is so ordered.*

Dated: May 5, 2021
New York, New York

The Honorable John P. Cronan
United States District Judge