UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                       :
ASHLEY DESVARIEUX *et al.*,                  :
                                                       :
                       Plaintiffs,              :
                                                       :      17 Civ. 4756 (JPC) (GWG)
          -v-                                         :
                                                       :           <u>ORDER</u>
AXIOM HOLDINGS, INC.,                      :
                                                       :
                     Defendant.             :
                                                       :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiffs, who are shareholders of Axiom Holdings, Inc. ("Axiom"), brought a class action suit against Axiom, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1] The Complaint alleged that Axiom made material misrepresentations and omissions in its filings with the Securities and Exchange Commission regarding a merger with CJC Holdings, Ltd., a Hong Kong corporation whose subsidiaries operate hydroelectric power stations in China. After the merger fell through, and as a result of Axiom's alleged misrepresentations and omissions, the value of Axiom's shares declined, thereby causing Plaintiffs to suffer significant losses and damages.

---

[1] The Complaint also alleged claims against Curtis Riley, Axiom's Chief Executive Officer, Chief Financial Officer, and Director, under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. Dkt. 1 ¶¶ 45-59. By order dated May 5, 2021, the Court preliminarily approved the voluntary dismissal of the claims against Riley without prejudice, subject to further consideration at a hearing pursuant to Federal Rule of Civil Procedure 23(e), which was held on November 16, 2021. Dkt. 95. During the November 16, 2021 hearing, and as memorialized in a written order thereafter, the Court dismissed Riley from this action with prejudice. Dkts. 102-103.

After Axiom failed to appear or otherwise defend against this action, on March 11, 2021, the Court granted Plaintiffs' motion for default judgment as to Axiom on liability. Dkt. 91. The Court, however, reserved decision on damages "until after the Judgment Class has been notified of the proposed dismissal of the claims as to Riley, the class certification in this action, and the Court's ruling on Axiom's liability." *Id.* at 1. After the expiration of the notice period, on November 16, 2022, the Court dismissed Riley from this action with prejudice, Dkts. 102-103, and thereafter referred this case to the Honorable Gabriel W. Gorenstein, to whom this case was previously referred for general pretrial supervision, for inquest on damages, Dkt. 105. On January 18, 2022, Plaintiff filed Proposed Findings of Fact and Conclusions of Law Concerning Damages, Dkt. 107, and an accompanying declaration appending a report by its damages expert, Steffen Hennig, Dkt. 108. On May 10, 2022, Judge Gorenstein issued a Report and Recommendation, recommending that a default judgment be entered awarding Plaintiffs damages in the amount of $1,420,000 plus pre- and post-judgment interest from June 19, 2017 to the date judgment is satisfied. Dkt. 111 ("R&R").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file

such objections would result in waiver of any right to object. R&R at 10-11. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d. Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008). Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. The Court therefore adopts the Report and Recommendation in its entirety and enters judgment for Plaintiffs in the amount of $1,420,000, plus pre- and post-judgment interest from June 19, 2017 to the date judgment is to be satisfied, calculated at the rate set forth in 28 U.S.C. § 1961(a). The Clerk of Court is respectfully directed to close this case.

       SO ORDERED.

Dated: May 26, 2022
       New York, New York

                                              JOHN P. CRONAN
                                          United States District Judge